His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
*4 Plaintiff declared upon a written promise of defendant to pay her a snm of money, the petition reciting that the document is annexed to and made part of the petition. By supplemental petition, filed after a prayer for oyer had been interposed by defendant, plaintiff alleges, among other things, that though the document had been attached to the original petition, it was subsequently lost and cannot be found nor produced. Defendant thereupon filed a plea of no cause of action; and the trial Court having sustained the plea and dismissed the suit, plaintiff appeals.
Defendant’s contention is that the petition fails to state a cause of action because there is no allegation therein that the loss of the instrument sued upon has been advertised in accordance with R. C. C., 2280, which provides that where a lost instrument is the foundation of a suit, it must appear that its loss has been advertised within a reasonable time.
The contention cannot be sustained. R. C. C., 2280 does not announce a principle of substantive law or of pleading, but a rule of evidence merely.
Beebe vs. McNeill, 8 A., 130.
And since R. C. C., 2280 does not confer a right, but prescribes only the manner in which the existence of a right may be proved, it is not essential to the statement of a cause of action upon a lost instrument that the petition should recite that the loss has been advertised, for a pleader is not required to disclose in his petition the proof upon which he relies nor the manner in which he proposes to establish his case.
Moreover, all that R. C. C. 2280 demands is that the loss should be advertised within a reasonable time; and cl-aar *5 ly, in a proper case, this may be done as well after as before suit is brought upon the lost instrument.
Opinion and decree, November 8th. 1915.
Rehearing refused, December 6th, 1915.
Weaver vs. Cox, 15 A., 463.
It is accordingly adjudged and decreed that tbe judgment be annulled and set aside and tbe cause remanded for further proceedings according to Jaw.
Reversed and remanded.